CONSTANTINE "DEAN" PATERAKIS
and CINDY PATERAKIS

              **Plaintiff,**

**-vs-**                              **Case No.  6:09-cv-269-Orl-19KRS**

SCHOOL DISTRICT OF BREVARD
COUNTY, FLORIDA, et al.

              **Defendants.**

_____

# ORDER

This case comes before the Court on the Motion to Dismiss Plaintiffs' Case by Defendants.

(Doc. No. 49, filed Oct. 19, 2009).  Plaintiffs have filed no response in opposition.

## Background

This case arises out of the alleged termination of a teacher, Plaintiff Constantine "Dean"

Paterakis, for complaining that the school principal, Karen Kise, adjusted the grades that Paterakis

gave to his students.  Defendants filed a Motion to Dismiss the original Complaint on March 2,

2009. (Doc. No. 9.)  Plaintiffs filed three motions for enlargement of time to respond to the Motion

to Dismiss.  (Doc. No. 14, filed Mar. 20, 2009; Doc. No. 18, filed Apr. 10, 2009; Doc. No. 20, filed

Apr. 17, 2009.)  The Court granted the first two and denied the third for failure to comply with Local

Rule 3.01(g).  (Doc. No. 15, filed Mar. 23, 2009; Doc. No. 19, filed Apr. 10, 2009; Doc. No. 21,

filed Apr. 21, 2009.)

Instead of complying with the Court's order directing Plaintiffs to comply with Local Rule

3.01(g), Plaintiffs filed a Motion for Leave to File First Amended Complaint.  (Doc. No. 22, filed

Apr. 27, 2009.) The Court granted leave to file the First Amended Complaint, Plaintiffs filed it, and Defendants filed a Motion to Dismiss. (Doc. No. 23, filed Apr. 27, 2009; Doc. No. 25, filed May 14, 2009; Doc. No. 26, filed May 26, 2009.) On August 4, 2009, the Court granted the Motion to Dismiss and granted Plaintiffs leave to file within eleven (11) days a Second Amended Complaint which complied with the Court's Order. (Doc. No. 30, filed Aug. 4, 2009.) The Court further stated that "[f]ailure to comply with this Order may result in dismissal with prejudice and without further notice." (*Id.* at 14.)

Plaintiffs moved for an extension of time to file a Second Amended Complaint on August 14, 2009. (Doc. No. 31, filed Aug. 14, 2009.) This motion was denied on August 18, 2009. (Doc. No. 34, filed Aug. 18, 2009.) Plaintiffs' counsel then twice moved to withdraw representation. (Doc. No. 32, filed Aug. 17, 2009; Doc. No. 36, filed Aug. 21, 2009.) The Court denied the first motion to withdraw and granted the second. (Doc. No. 33, filed Aug. 17, 2009; Doc. No. 38, filed Aug. 21, 2009.) In the Order granting withdrawal, the Court stated that the Pro Se Plaintiffs were now responsible for the case, that no deadlines were extended, and that the granting of the motion to withdraw would not serve as a basis to extend other deadlines. (Doc. No. 38 at 1-2.)

On August 22, 2009, the Plaintiffs moved for a second extension of time to file a Second Amended Complaint. (Doc. No. 39, filed Aug. 22, 2009.) This motion was denied for failure to comply with Local Rule 3.01(g). (Doc. No. 40, filed Aug. 23, 2009.) In denying the motion, the Court noted that Plaintiffs have been previously warned of the requirements of Local Rule 3.01(g) and that failure to comply with the Rules of Court in the future may lead to "denial of a motion without leave to reassert or other sanctions, including but not limited to dismissal with prejudice of the case." *Id.*

On August 25, 2009, Plaintiffs filed a Corrected Plaintiffs' Motion for Enlargement of Time to File Second Amended Complaint. (Doc. No. 41, filed Aug. 25, 2009.) On August 27, 2009, prior to receiving a ruling on the pending Corrected Plaintiffs' Motion for Enlargement of Time to File Second Amended Complaint (Doc. No. 41), Plaintiffs filed a Second Amended Complaint. (Doc. No. 42, filed Aug. 27, 2009.) On August 28, 2009, the Court denied the Corrected Plaintiffs' Motion for Enlargement of Time to File Second Amended Complaint as moot. (Doc. No. 43, filed Aug. 28, 2009.)

Defendants now move to dismiss the case, arguing that Plaintiffs' Second Amended Complaint was improperly filed and that Plaintiffs have violated the Rules of Court despite the Court's previous admonishments. (Doc. No. 49 at 5-6.) To date, Plaintiffs have not filed a response to the Motion to Dismiss Plaintiffs' Case.

**Standard of Review**

Rule 6(b) of the Federal Rules of Civil Procedure states when a Court may extend the deadline for an act that must be done within a specified time. Pursuant to Rule 6(b), a party seeking to extend a deadline after it has passed must show excusable neglect. Fed. R. Civ. P. 6(b)(1)(B).

**Analysis**

Defendants seek to dismiss this case based on the Plaintiffs' failure to obtain leave of court before filing an untimely Second Amended Complaint and their failure to follow the Rules of Court. (Doc. No. 49.) Pursuant to Local Rule 3.01(b), each party opposing a motion shall file within ten (10) days after service of the motion a response that includes a memorandum of legal authority in opposition to the request. Failure to oppose a motion raises an inference that the party does not object to such motion. *Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co.*, 527 F. Supp. 2d 1355,

1371 (M.D. Fla. 2007). Plaintiffs have not filed any response in opposition to Defendants' Motion to Dismiss Plaintiffs' case. Therefore, it must be inferred that Plaintiffs do not object to dismissal of this case.

The Plaintiffs filed a Second Amended Complaint on August 27, 2009, after the deadline for filing a Second Amended Complaint pursuant to the Order filed August 4, 2009. (Doc. No. 41 at 14.) The Court did not grant any extensions of time in which to file the Second Amended Complaint. In addition, because the deadline for filing a Second Amended Complaint has passed, the Court cannot extend such deadline and permit the filing of the Second Amended Complaint unless the Plaintiffs show excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Plaintiffs have not filed anything with the Court to show excusable neglect and thus the Second Amended Complaint was improperly filed.

The Plaintiffs' improper filing of the Second Amended Complaint and failure to respond to Defendants' Motion to Dismiss are two more examples of conduct by Plaintiffs in derogation of the Rules of Court and Orders in this case. This Court has previously warned Plaintiffs that failure to comply with the Rules of Court will result in the dismissal of this case with prejudice and without further notice. Accordingly, the Defendant's Motion to Dismiss Plaintiffs' Case (Doc. No. 49) is **GRANTED**, and this case is **DISMISSED without prejudice**. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on November 8, 2009.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record